IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MOUNTAIN COURTYARD SUITES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JEFF WYSONG,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DISMISSING ACTION WITHOUT PREJUDICE**<br><br>Case No. 2:18-cv-00752<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

On April 20, 2020, Plaintiff's counsel filed a motion to withdraw as counsel. *See* Dkt. No. 45. A week later, on April 27, 2020, Magistrate Judge Furse granted the motion and notified Plaintiff that it was required to obtain new counsel pursuant to DUCivR 83-1.3, which provides that a limited liability company may not proceed *pro se* in this court. *See* Dkt. No. 48 at 1. Judge Furse ordered Plaintiff to have new counsel file a Notice of Appearance, and warned that "[a] party who fails to file a Notice of Substitution of Counsel or Notice of Appearance . . . may be subject to sanction pursuant to Federal Rule of Civil Procedure 16(f)(1), including but not limited to dismissal or default judgment." *Id.*

On June 8, 2020, Magistrate Judge Oberg held a status conference to address Plaintiff's failure to retain new counsel and directed Plaintiff to retain new counsel and have counsel enter an appearance on its behalf within 45 days. *See* Dkt. No. 53. Although the 45-day deadline passed on July 23, 2020, new counsel did not enter an appearance on Plaintiff's behalf.

On September 10, 2020, the court issued an order requiring Plaintiff to show cause why this action should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with the court's orders and for failure to prosecute. *See* Dkt. No. 54. The court gave

Plaintiff until September 25, 2020, to show cause. *See id.* To date, Plaintiff has not filed any response to the show cause order and new counsel has not filed a notice of appearance on Plaintiff's behalf.

Pursuant to Federal Rule of Civil Procedure 41(b), "[if] the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). In addition, this court's local civil rules provide that "[t]he court may issue at any time an order to show cause why a case should not be dismissed for lack of prosecution. If good cause is not shown within the time prescribed by the order to show cause, the court may enter an order of dismissal with or without prejudice, as the court deems proper." DUCivR 41-2.

Ordinarily, "Rule 41(b) involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria." *Arocho v. United States*, 502 F. App'x 730, 731 (10th Cir. 2012) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)). When dismissal is without prejudice, however, the court need not consider these criteria. *See Arocho*, 502 F. App'x at 732; *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs.*, 552 F.3d 1233, 1236 (10th Cir. 2009). Indeed, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents, Arapahoe Cnty. Justice*, 492 F.3d 1158, 1162 (10th Cir. 2007).

Here, the court has provided Plaintiff ample opportunity to respond to the order to show cause why this action should not be dismissed for failure to comply with this court's orders and for failure to prosecute. Plaintiff, however, has chosen not to respond to this order, and new counsel still has not filed a notice of appearance on its behalf—as ordered by both Judge Furse and Judge Oberg and as required by this court's local rules. The court will thus dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41-2. In the interest of justice, Plaintiff's claims are dismissed without prejudice.

*   *   *

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's action is **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) and DUCivR 41-2 for failure to comply with the court's orders and for failure to prosecute;

2. The Clerk of the Court shall terminate Civil Action 2:18-cv-00752; and

3. Each party shall bear its own costs.

DATED this 9th day of October, 2020.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge